BEA, J., concurring in part and dissenting in part:
I concur in Part 2 of the majority’s memorandum disposition.
However, the majority fails to apply faithfully the standard this court announced in United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir.2009) (en banc), to determine whether the district court clearly erred in finding that Jackson had knowledge of the pills found rolled up in a rug in his garage along with his illegal firearm. Therefore, since I would affirm the district court, I respectfully dissent from Part 1 of the majority’s memorandum disposition.
“We review the district court’s findings of fact underlying its sentencing decision for clear error.” United States v. Gardenhire, 784 F.3d 1277, 1280 (9th Cir.2015). Under clear error review, the district court’s factual finding is clearly erroneous only when it is “(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.” Hinkson, 585 F.3d at 1262. “[0]nly then are we able to have a ‘definite and firm conviction’ that the district court reached a conclusion that was a ‘mistake’ or was not among its ‘permissible’ options, and thus that it abused its discretion by making a clearly erroneous finding of fact.” Id.
Here, based on the evidence fi’om the record, I do not think that the district court’s factual finding that it was more likely than not that Jackson knew about the Ecstasy pills rolled up in the rug along with his illegal firearm in his house was “(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.” Id. Even though Jackson himself has not admitted to knowing there were Ecstasy pills in the rug, there is circumstantial evidence in the record from which the district court could at least draw a rational inference that Jackson knew of the pills. The Ecstasy pills were found in Jackson’s house rolled up in the same small rug that was hiding his illegal firearm, of which Jackson admitted that he was in constructive possession. Furthermore, since the Federal Rules of Evidence do not apply at sentencing, see Fed.R.Evid. 1101(d)(3), and “[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial,” U.S.S.G. 6A1.3(a), the sentencing court could also consider the fact that at the time the Ecstasy pills were found in Jackson’s garage, Jackson was on probation for a Nevada state felony conviction of selling a controlled substance after he was arrested for selling 3.8 grams of MDMA, a drug similar to Ecstasy, and 4.5 grams of marijuana to an undercover Las Vegas police officer.
Additionally, I am not convinced that Jackson’s counsel’s statement at sentencing that “[Jackson] admitted knowing there was a gun [in the rug],” was a factually erroneous statement. Nowhere in the record does Jackson deny knowing that his gun was in the rug. To me, Jackson’s counsel’s statement is akin to an admission by an authorized agent, as Jackson was present when his lawyer made the statement and did not object. See United States v. Hernandez-Hernandez, 431 F.3d 1212, 1219 (9th Cir.2005) (“[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority.”).
*356 Therefore, I would faithfully apply the Hinkson standard and affirm the district court’s finding that Jackson knew of the Ecstasy pills in the rug.